IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENNETH ARNEZ DAVIS, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:21-CV-1562-B-BK |
| § | |
| STATE OF TEXAS, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this pro se case was automatically referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. On July 1, 2021, Plaintiff Kenneth Arnez Davis filed a *pro se* notice of removal of a state criminal case pending against him. He also filed a motion for leave to proceed *in forma pauperis*. Doc. 3; Doc. 4. For the reasons that follow, the criminal case should be **REMANDED** *sua sponte* to the Dallas County District Court.[1]

**I.   BACKGROUND**

Davis, a self-proclaimed Moorish National, seeks to remove to this Court a state misdemeanor case pending against him in Dallas County District Court Case No. M2041623. Doc. 3 at 1-3.[2] He also seeks to quash purportedly invalid arrest warrants, claiming the state

---

[1] The Clerk of the court initially filed Davis' notice of removal in a miscellaneous action and later assigned this civil action number. Doc. 3.

[2] The trial court's docket sheet for *State v. Davis*, No. M2041623, is available on the Dallas County website at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on July 13, 2021).

"court lacked jurisdiction" to prosecute him for failing to wear a face mask and identify himself. Doc. 3 at 4. Davis contends the state orders were void and fraudulent and he was "harassed, threatened, subjected to detainment by foreign unlawful courts and officers possessed by Britain [i]n an effort to conspire and conceal blatant usurpations of the law by the Dallas County Court." Doc. 3 at 4.

Upon review, it is apparent that Davis lacks the right to remove his pending criminal proceedings. Therefore, this action should be remanded *sua sponte*.[3]

## II.     ANALYSIS

28 U.S.C. § 1455(a) provides for removal of criminal prosecutions to federal court. When a criminal case is removed, however, the court must "examine the notice promptly" and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Because § 1455 does not set out any substantive requirement for removal, the Court turns to the other removal statutes to determine if removal is appropriate. *See Louisiana v. Hunter*, Civ. A. No. 14-931, 2014 WL 7139463, at *5 (E.D. La. Dec. 15, 2014) (noting that the United States Court of Appeals for the Fifth Circuit has yet to construe § 1455 and that the statute is purely procedural and provides no substantive requirements for removal).

The Court liberally construes Davis' filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, even assuming a proper notice of

---

[3] Because Davis' motion to proceed *in forma pauperis* is incomplete, it is more efficient to remand than to require compliance with the Court's filing requirements. Doc. 4.

removal under § 1455(a) and (b), within the requisite 30-day period, Davis cannot establish a legal right to remove his pending criminal case.

*Davis Is Not in the Category of Officials Whose Criminal Cases May Be Removed*

Federal statutes provide for the removal of state criminal cases that charge certain classes of officials. *See* 28 U.S.C. § 1442 (providing for removal of criminal actions against federal law enforcement officers or officials for acts taken in their official duties); 28 U.S.C. § 1442a (providing for removal of prosecutions of members of the armed forces); 28 U.S.C. § 1443(2) (providing for removal of prosecutions of officials enforcing civil rights statutes). Davis has not alleged or demonstrated that he is a federal officer, a member of the armed forces, or an official enforcing civil rights. Thus, these provisions do not apply to him.

*Neither Do the Provisions of § 1443(1) Apply*

Section 1443(1) authorizes the removal of a pending state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Thus, to remove under that section, the defendant must show both that (1) the right allegedly denied him arises under a federal law providing for specific rights stated in terms of racial equality; and (2) that he cannot enforce the specified federal right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780 (1966)). Davis demonstrates neither.

Davis' pleadings are silent as to the denial of any federal civil right protecting racial equality. Indeed, Davis asserts only generally due process violations, with vague reference to his purported status as a Moorish American National. However, conclusory allegations of civil rights violations are clearly insufficient to remove a pending state criminal prosecution to federal

Page **3** of **4**

court.  See *State of Tex. v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86-87 (5th Cir. 1982) (finding conclusory allegations of civil rights violations insufficient to support removal of on-going state criminal prosecution and affirming the district court's dismissal).  In any event, Davis does not establish that he cannot enforce the specified federal rights in state court, as is also his burden.

### III.   RECOMMENDATION

For the foregoing reasons, misdemeanor Cause No. M2041623 should be **REMANDED** *sua sponte* to Dallas County District Court.  28 U.S.C. § 1455(b)(4).

**SO RECOMMENDED** on July 16, 2021.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).